IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                Case No. 06-10129-JTM

JAMES E. BAKER,

    Defendant.

MEMORANDUM AND ORDER

This matter comes before the court on petitioner James E. Baker's Motion to Reconsider and Vacate Enhancement (Dkt. No. 125). Although Mr. Baker does not designate his motion as one under 28 U.S.C. § 2255, its effect is to challenge his underlying conviction and sentence. Therefore, the court will consider this motion as a successive habeas corpus petition under § 2255. *See United States v. Nelson*, Nos. 07-2432, 04-20048-01, 2008 WL 4216118, at *2-3 (D. Kan. Sept. 12, 2008). For the following reasons, the court denies the motion.

A jury found Mr. Baker guilty of being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) on August 30, 2006. The court sentenced him to 235 months and three years of supervised release. Mr. Baker appealed his conviction and sentence and the Tenth Circuit affirmed. Thereafter, Mr. Baker filed a Motion to Vacate under 28 U.S.C. § 2255 on May 4, 2009, which was denied by this court on December 22, 2009. He then filed an appeal of this denial. The Tenth Circuit denied his request for a Certificate of Appealability and dismissed his appeal. After that denial, Mr. Baker filed two successive § 2255 motions, both of which were denied

by the Tenth Circuit. *See* Dkt. Nos. 120 and 124. In each instance, the Tenth Circuit found Mr. Baker's successive § 2255 motions did not meet the requirements of 28 U.S.C. § 2255(h).

Now Mr. Baker has filed his fourth motion for relief under § 2255. There are specific statutory limits placed on successive § 2255 motions and they may "proceed only in specified circumstances and only with a circuit court's prior authorization." *In re Lindsey*, 582 F.3d 1173, 1174 (10th Cir. 2009); *see also* 28 U.S.C. § 2255(h). Thus, to file a successive § 2255 motion in the district court, the defendant must obtain prior authorization from the Tenth Circuit. 28 U.S.C. § 2255(h). The Tenth Circuit will only authorize the filing in two circumstances:

> (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(1)-(2). When a petitioner files a second or successive § 2255 motion the district court has discretion in determining whether to transfer the action to the circuit court or dismiss the action without prejudice. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008); *see also* 28 U.S.C. § 1631.

Under § 1631, when faced with a successive § 2255 motion, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other court in which the action or appeal could have been brought." It had often been the practice of the district courts to automatically transfer such motions to the Tenth Circuit. *See In re Cline*, 531 F.3d at 1251. But the Tenth Circuit has since interpreted § 1631 and the "if it is in the interest of justice" language as a grant of discretion allowing the district court to transfer the matter or dismiss it without prejudice. *Id.* The Tenth Circuit has also stated that "[a] transfer is not in the interest of justice when the claims raised

2

in the successive petition clearly do not meet the requirements set forth in 28 U.S.C. § 2255(h)." *United States v. Lara-Jiminez*, 377 Fed. App'x 820, 822 (10th Cir. 2010) (citing *In re Cline*, 531 F.3d at 1252). The court should also consider relevant factors like whether the claims would be time barred, and whether the claims are meritorious or made in good faith. *Lara-Jiminez*, 377 Fed. App'x at 822.

Here, Mr. Baker argues that the Supreme Court has made a new rule of constitutional law retroactive on collateral attack. Citing *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010), and *United States v. Rodriquez*, 553 U.S. 377 (2008), he argues that his 1996 state court conviction should not have been used to enhance his sentence because he had his civil rights restored under state law for that conviction. First, this argument appears to be essentially the same argument Mr. Baker advanced in his direct appeal, and that was specifically rejected by the Tenth Circuit. For this reason alone the court could deny this motion. Second, the cases in which he cites for his supposed "new rule of constitutional law" do not establish that his sentence enhancement was in error. In fact, the cases do not address the enhancement issue raised by Mr. Baker. *See Carachuri-Rosendo*, 130 S. Ct. at (holding that simple drug possession offenses were not "aggravated felonies" under 8 U.S.C. § 1101(a)(43) when the state convictions were not based on the fact of a prior conviction); *Rodriquez*, 553 U.S. at 382-93 (holding that the "maximum term of imprisonment prescribed by law," for the purpose of determining whether a prior offense qualified as a serious drug offense under the Armed Career Criminal Act was required to be determined by reference to the applicable recidivist enhancements for the prior offense). Further, even if the *Rodriquez* case did establish a new rule made retroactive, it was not "unavailable" under § 2255(h)(2) at the time Mr. Baker filed his first § 2255 motion on May 4, 2009.

Mr. Baker's arguments do not fall into either of the exceptions required for a successive § 2255 petition. As such, the court finds it is not in the intrust of justice to transfer this action to the Tenth Circuit. Therefore, this court denies Mr. Baker's motion without prejudice.

IT IS ACCORDINGLY ORDERED this 27th day of February 2012, that James E. Baker's Motion to Reconsider and Vacate Enhancement (Dkt. No. 125) is denied without prejudice.

IT IS FURTHER ORDERED that a § 1631 transfer is not in the interest of justice.

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE