IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

v. Case No. 06-10129-JTM

JAMES E. BAKER,

Defendant.

MEMORANDUM AND ORDER

The following matter comes to the court on several motions by defendant Baker, including a Motion for Relief (Dkt. 136), a Motion to Certify (Dkt. 140), a Motion for Leave to File an Oversized Memorandum of Law (Dkt. 141), and a Motion to Compel Reply from Government (Dkt. 143). The essential thrust of Baker's Motion for Relief is that his conviction should be reversed under FED. R. CIV. PRO. 60(d)(3) because there was a "fraud upon the court." The United States has filed a Response to this Motion. The court denies the Motion for Relief for lack of subject matter jurisdiction. Additionally, the court denies the related remaining motions as moot.

**I. Relevant Background**

On August 30, 2006, a jury found Baker guilty of being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Dkt. 59). The court denied Baker's motion for judgment of acquittal or a new trial, in which he argued he was entitled to an "innocent possession" jury instruction. (Dkt. No. 70). Baker appealed his case to the U.S. Court of Appeals for the Tenth Circuit. (Dkt. No. 79). The Tenth

Circuit ruled against Baker. Baker then requested an *en banc* hearing, which was denied. Baker also requested a *writ of certiorari*; it was also denied. Baker subsequently moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, but this court denied relief, and the Tenth Circuit denied a Certificate of Appealability. Baker then twice sought authorization to file second or successive § 2255 motions, but the Tenth Circuit denied both requests. Baker then filed a "Motion to Reconsider and Vacate Enhancement," which this court denied. He sought appeal from the Tenth Circuit, which denied this second Certificate of Appealability and dismissed the appeal. Baker now brings a Motion pursuant to FED. R. CIV. PRO. 60(d)(3), arguing his conviction should be reversed for "fraud upon the court."

**II. Legal Standard**

Whether a postjudgment pleading should be construed as a successive § 2255 motion depends on whether the pleading (1) seeks relief from the conviction or sentence or (2) seeks to correct an error in the previously conducted habeas proceeding itself. *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006) (citing G*onzales v. Crosby*, 545 U.S. 524 (2005)). A pleading asserting a "new ground for relief" from the judgment is advancing a new claim and is therefore treated as a successive motion. *Id.* If the pleading only attacks some defect in the integrity of the federal habeas proceedings, then it is not advancing a new claim and should not be characterized as a successive petition. *Id.*

When a Rule 60 motion is, in effect, a second or successive § 2255 motion, it cannot be filed in district court without approval by a panel of the appropriate U.S.

Court of Appeals. *Id.* at 1148–49. If the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading. *Id.* at 1148.

**III. Analysis**

The court begins its analysis by construing Baker's motion. Although labeled in the form of a Motion for Relief Pursuant to FED. R. CIV. PRO. 60(d)(3), in substance Baker's Motion is merely a second or successive § 2255 motion. The main thrust of Baker's "fraud on the court" theory is that some of the prosecution's evidence was introduced in violation of the state and federal constitutions. Baker does not assert a defect in his earlier § 2255 motions or in the proceedings surrounding them. He alleges a defect in the underlying criminal prosecution itself by claiming that illegally obtained evidence was used against him at trial. Baker's Motion merely asserts a new ground for relief, rendering his Motion a § 2255 in substance if not in form. Before filing a second or successive § 2255 motion, Baker must seek authorization from the appellate court. *See Nelson*, 465 F.3d at 1148–49. He did not, so the district court does not have jurisdiction to deny the relief sought in the pleading. *Id.* at 1148. The court dismisses Baker's Motion for lack of subject matter jurisdiction.

Baker's remaining motions all stem from his Rule 60 Motion. Thus, the court denies the remaining motions as moot.

IT IS THEREFORE ORDERED this 10th day of December, 2012, that Baker's Motion to Vacate (Dkt. 136) is denied.

IT IS FURTHER ORDERED that Baker's Motion to Certify (Dkt. 140), Motion for Leave to File an Oversized Memorandum of Law (Dkt. 141), and Motion to Compel Reply from Government (Dkt. 143) are denied as moot.

s/J. Thomas Marten
J. THOMAS MARTEN, JUDGE